## Candee v. The Amberstone Company

*Trembath & Farr*, for plaintiff.

*Davis R. Hobbs* and *Albert L. Moise*, for defendant.

SHULL, P. J., forty-third judicial district, specially presiding, December 7, 1938.—This matter comes before the court on a petition to discharge the surety from liability under an appeal bond.

In this case suit was brought before a justice of the peace against the Amberstone Company, J. D. Emack, president, and judgment rendered against defendants. Thereafter, the present appellant and petitioner, James H. Emack, a stranger to the record, appealed from the judgment. To this appeal, Charles E. Terry, P. J., filed an opinion and decree November 27, 1936, striking off the appeal. Later, a rule was granted to strike off the judgment. This, Judge Samuel E. Shull, of the forty-third judicial district, specially presiding, in an opinion and decree entered August 17, 1937, dismissed, as follows:

"The striking off of this appeal of necessity means that it is no longer a part of the record, and when an appeal is stricken off for the reason that the party endeavoring to take it is a stranger to the record and therefore had no right to an appeal, it of necessity means that there was no appeal and as a result the entire appeal, including the bond, was a nullity ab initio. When the law provides that bail absolute be entered before a valid appeal may be taken, it can mean only an appeal by a party to the record or one who under the law is qualified to take an appeal on his behalf. If a stranger to the record attempts to take an appeal, it is a nullity under the law; it in no wise interferes with plaintiff's legal right to execution and, being a nullity, does not vest in plaintiff the right to pursue the surety on the bond or bail entered by such stranger.

"In the case of Davis v. Mercantile Trust Co., 30 Pitts. 371, the court held that an action on a bond entered on an appeal which was not taken in time would not lie, the appeal having been stricken off on a petition of plaintiff for the reason that it was taken too late. The same principle applies to an appeal taken by a stranger."

The liability under this bond, at most, could be the cost attached to the filing of the appeal and such costs as might have arisen on the proceeding to strike off the appeal and judgment. The record before us does not disclose whether these costs have been paid, but, upon payment of them, this surety is entitled to its discharge from liability under this bond.

And now, December 7, 1938, upon payment of record costs of filing the appeal, the costs of proceeding to have appeal and judgment stricken from the record, and the costs of this proceeding, rule to show cause why an order should not be entered discharging the surety from all liability under the appeal bond entered in this case is made absolute, and Maryland Casualty Company, surety on said bond, is discharged from any other or further liability under this bond.